STEPHEN HARTMAN v. ALEXANDER DOBAR.

Submitted March 18, 1910—Decided June 16, 1910.

1. The rule requiring the production of the best evidence does not apply to proof of matters collateral to the main issue.
2. An unaccepted bid cannot be made a basis for an estimate of probable profits in a suit for damages.

On appeal from the District Court of Elizabeth.

Before Justices TRENCHARD and MINTURN.

For the appellant, *John J. Stamler.*

For the appellee, *Abe J. David.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff recovered a judgment in the District Court of Elizabeth against the defendant for damages for assault and battery.  The plaintiff's injuries were of such a character as to require his removal to the hospital where he was confined for about ten days, during which period he lost his time in his business as a painter and paperhanger.

The objections urged to the legality of the judgment are directed to the character of the testimony upon which the judgment in part at least is founded.

The plaintiff testified that at the time of his injuries he held a contract for work with one Curzak, from which he estimated he would reap a profit of forty or forty-five dollars; and that he had another contract for what is termed the Delaware street job, from which his profit would be thirty-five or forty dollars.  Upon cross-examination, it was developed that the Curzak contract was in writing, and that the Delaware street job was only in the embryotic stage of an unaccepted bid or proposal.  The defendant then moved to strike out the entire testimony upon the ground that as to the Curzak job the

contract was the best evidence, and that as to the Delaware street work, there was no contract in existence from which a profit could be estimated, which motions the court overruled.

As to the production of the contract for the Curzak job, we conceive that the rule requiring the production of the best evidence does not apply to transactions which are incidental or collateral to the question at issue in the case. In such cases, and the one *sub judice* is an example, evidence secondary in character cannot be excluded on the ground that primary evidence is obtainable. Thus, in *Den* v. *Hamilton, 7 Halst.* 109, it was held that the fact that a person took actual possession of the premises in controversy may be proved by parol, though he went into possession under an agreement in writing. Similar instances are presented in the note to 17 *Cyc.* 469. 1 *Rice Ev.* 152. This qualification of the general rule is referred to by Chief Justice Beasley in *Cumberland Fire Insurance Co.* v. *Giltinan,* 19 *Vroom* 495.

We have concluded, however, that the judgment must be reversed upon the second ground. The plaintiff's testimony that he had a contract for the Delaware street job, upon which he would realize a profit of thirty or thirty-five dollars, was shown upon cross-examination to be incorrect. The fact was that he had merely submitted a bid for the work which had not been accepted, and that he was not therefore in a position to claim a profit on it. The defence moved to strike out this testimony upon that ground, at the first opportunity after it was developed upon cross-examination, and the refusal of the court to do so was injurious error to the defendant; for we must assume that the jury, under the court's refusal to strike out, accepted this testimony as furnishing a proper element of damage and included the estimated amount of profit in their verdict.

The judgment upon that ground will be reversed.